[Cite as *State v. Weldin*, 2018-Ohio-823.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 17AP-536 |
| | | (C.P.C. No. 17EP-369) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James Weldin, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 6, 2018

**On brief**: *Michael DeWine*, Attorney General, *Maritsa A. Flaherty*, and *Glenn Willer*, for appellant. **Argued**: *Glenn Willer*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio, from a judgment of the Franklin County Court of Common Pleas granting the application filed by defendant-appellee, James Weldin, to seal the record of conviction in case No. 02CR-3218.

{¶ 2} On June 13, 2002, appellee was indicted in case No. 02CR-3218 on one count of Medicaid fraud, in violation of R.C. 2913.40(B). Appellee subsequently entered a guilty plea to the charge. By judgment entry filed July 15, 2002, the trial court sentenced him to three years of community control. The court also ordered appellee to pay $116 in court costs, $12,768 in restitution, and $250 in investigative costs, for a total "costs and/or financial sanction judgment" in the amount of $13,134.

{¶ 3} On June 1, 2017, appellee filed an application, pursuant to R.C. 2953.32(A), for an order sealing the record of conviction in case No. 02CR-3218. On June 12, 2017, an

assistant attorney general filed an objection to the application on behalf of the state, asserting appellee had not paid restitution in full, and that he "still owes $9,638.00 in restitution."

{¶ 4}   On June 28, 2017, the trial court conducted a hearing on the application. Appellee attended the hearing, but no appearance was made by a representative of the attorney general on behalf of the state. During the hearing, in response to an inquiry by the trial court, appellee represented to the court that he had paid the restitution in full. By entry filed June 29, 2017, the trial court ordered the sealing of all official records in case No. 02CR-3218.

{¶ 5}   On appeal, the state sets forth the following assignment of error for this court's review:

> Whether the trial court erred when it granted an application to seal a conviction filed before the defendant was finally discharged from his conviction.

{¶ 6}   Under its single assignment of error, the state contends the trial court erred in granting appellee's application to have his record of conviction sealed. Specifically, the state maintains its records indicate appellee still owes approximately $9,000 in restitution to the Ohio Department of Job and Family Services and, thus, he was ineligible for expungement under R.C. 2953.32. The state further asserts it never received a hearing notice in this case and, therefore, was denied the opportunity to appear and present evidence at the June 28, 2017 hearing regarding the issue of payment of restitution.

{¶ 7}   Upon review of the record, we do not reach the merits of the state's challenge to the trial court's granting of the application to seal the record of conviction as we find the state's claim of lack of notice to be dispositive, requiring remand for a new hearing on the application. R.C. 2953.32(B) states in part: "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing."

{¶ 8}   As noted under the facts, the record indicates appellee attended the June 28, 2017 hearing before the trial court, but a representative from the office of the attorney general did not make an appearance on behalf of the state. This court has

reviewed the trial court's docket, which includes a June 12, 2017 entry reflecting the scheduling of a hearing event. While the entry indicates appellee was provided notice of the event, the docket fails to reveal that notice was provided to the office of the attorney general (i.e., the "prosecutor for the case") regarding the June 28, 2017 hearing date. Accordingly, we find merit to the state's argument that it did not receive proper notice of the hearing as required by R.C. 2953.32(B). We therefore conclude this matter must be remanded for a new hearing upon proper notice.

{¶ 9} Accordingly, the state's assignment of error is sustained to the extent provided above. In light of our determination that this matter must be remanded to the trial court for a new hearing, at which time the state can present evidence regarding the alleged discrepancy in payment of restitution, we do not reach the merits of the case at this time.

{¶ 10} Based on the foregoing, the state's assignment of error is sustained in part, overruled in part, the judgment of the Franklin County Court of Common Pleas granting the application to seal is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____